ESTATE OF Albert A. WOLL, by David WOLL Co-Trustee of the Third Restatement of Inter Vivos Revocable Trust for the Benefit of Albert A. Woll, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. EV 91–190–C.

United States District Court, S.D. Indiana, Evansville Division.

July 2, 1992.

Alan N. Shovers, Kahn Dees Donovan & Kahn, Evansville, IN, for Albert A. Woll Estate.

Stephen T. Lyons, U.S. Dept. of Justice Tax Div., Washington, DC, Deborah J. Daniels, U.S. Atty., Indianapolis, IN, for U.S.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court on cross motions for summary judgment. Both motions address the same points of law and are discussed together.

Albert and Pearl Woll each established separate trusts during their lifetimes. Pearl died in July 1985, survived by her husband, Albert. Pearl's trust provided for the creation of two trusts upon her death: Albert A. Woll Credit Trust and Albert A. Woll Marital Trust. Only the Albert A. Woll Marital Trust (PWT)[1] subsequently created the tax consequences which are the subject of this suit. The PWT provided for income and principle to be paid to Albert. Albert remarried; Sarah was his second wife. Albert died 8 August 1987. Albert's trust (AWT) provided for payment of monies to Sarah until her death. The PWT further provided that upon the death of Albert (following the death of Pearl), payments were to be made to their children. It is this last transfer which generated tax consequences which are the subject of this suit. The issue before this Court is whether the PWT or the AWT must bear those taxes. The Estate filed an estate tax return placing this tax burden on the PWT. Following an audit, the United States placed the tax burden on the AWT. The Estate, after exhausting its administrative remedies, paid the tax and brought this suit seeking a refund. Other facts will be provided as needed throughout this memorandum.

### I.

The parties agree that Indiana law governs the interpretation of the trusts and have cited two statutes.

*Unless a decedent shall otherwise direct by will,* the federal estate tax imposed upon decedent's estate, shall be apportioned among all of the persons, heirs and beneficiaries of decedent's estate who receive any property which is includable in the total gross estate of said decedent for the purpose of determining the amount of federal estate tax to be paid by said estate, Provided, That no part of the federal estate tax shall be apportioned against property which, in the absence of any apportionment whatsoever, would qualify for any charitable,

marital or other deduction or exemption, nor against recipients of such property on account thereof.

IC 29–2–12–2 (emphasis added).

(a) *This chapter shall not be applicable to estates where the decedent has, by will, provided for the payment of federal estate tax* either by the estate or by the residue of the estate.

(b) A specific direction in a will to pay federal estate tax from the testator's estate or the residue of the estate shall be considered a provision for payment under subsection (a).

IC 29–2–12–7 (emphasis added). Additionally, one other section is important to the analysis of these two sections of the Indiana Code.

As used in this chapter, "will" includes a trust or other instrument governing the distribution of assets following an individual's death.

■ IC 29–2–12–1.5. Thus, §§ 2 and 7 above which use the word "will" apply to the trusts at issue in this case. Since §§ 2 and 7 permit the decedent to designate how estate taxes will be divided, the Court must first determine whether such a designation was made in this instance. Since the PWT is the trust generating tax consequences at issue in this case, it must be examined first to determine if it designates the allocation of the tax burden.

### II.

■ Article VI of the PWT has one section and addresses the Albert A. Woll Marital Trust.

In the event ALBERT A. WOLL shall survive the Donor and, at the time of her death, shall have been living with her as her Husband, then all the rest and residue of the Donor's trust estate not hereinabove disposed of in Articles IV and V hereof, shall be set aside for the use and benefit of the said ALBERT A. WOLL for the remainder of his life. The Successor Co–Trustees shall distribute to

---

**1.** Since the parties have consistently used the abbreviation PWT to identify the Albert A. Woll Marital Trust presumably because it was created

by the Pearl L. Woll Revocable Inter Vivos Trust, this Memorandum will also use the same abbreviation.

him at periodic intervals, all the net income and so much of the principle of the trust estate as he may request from time to time. *At the time of his death, the trust estate shall be utilized and/or distributed according to the provisions of Section 5.04 through 5.08.*

PWT, *Section 6.01. Disposition of Revenue.* (emphasis added). As directed by Article VI, distribution at the time of Albert's death is in accordance with §§ 5.04 through 5.08. Of those sections, § 5.05 addresses distribution after the death of both Albert and Pearl.

As soon as practical after the death of the survivor of PEARL L. WOLL and ALBERT A. WOLL, and *after the payment of all estate, inheritance and succession taxes owing, as provided in Article IV hereof,* then [distribution shall be made to the children].

PWT, *Section 5.05. Distribution After Death of Survivor of Husband and Wife.* (emphasis added). This section directs the payment of "all estate, inheritance and succession taxes owing, as provided in Article IV hereof." Article IV has one section and addresses the payment of taxes.

At the time of the death of the primary beneficiary the Successor Co–Trustees shall be authorized and instructed to pay legitimate expenses and debts owing by the trust estate or incurred by the primary beneficiary prior to or as a result of her death. *The Successor Co–Trustees are authorized and instructed to use as much of the principal and/or income of the trust estate as may be necessary to pay all estate, succession, inheritance or other taxes, whether state or federal, which may be assessed as the result of the death of the primary beneficiary,* without regard to whether the property so taxed passes by law, as a result of the primary beneficiary's will, this trust or any other trust created by the primary beneficiary during her lifetime and without regard to whether such taxes ordinarily would be payable from the primary beneficiary's estate or another recipient of such property.

PWT, *Section 4.01. Successor Co–Trustees' Power to Pay Taxes.* (emphasis added).

These sections taken together have "provided for the payment of federal estate tax" from the PWT. The PWT is not ambiguous—it envisioned and provided for the payment of estate taxes following the death of Albert and Pearl.

 It is not necessary to consider the provisions of the AWT nor Albert's will since they could not supersede the PWT's directive concerning the allocation of estate taxes. Once Pearl died, the PWT became irrevocable and its directive that the estate taxes should be paid by the PWT before the successor co-trustees made distributions to the children could not be altered by anything Albert did.

### III.

 The United States argues that the words "primary beneficiary" must be read to mean Pearl L. Woll. Without addressing the specifics of this argument, it is irrelevant whether the trust is read to mean that the "primary beneficiary" was Pearl or Albert. If, as the United States argues, the "primary beneficiary" was Pearl, then the taxes which are the subject of this litigation are still "as a result of the death of the primary beneficiary." The United States reads the words "as a result of" too narrowly when it argues that if Pearl is the primary beneficiary, this clause does not apply. These taxes would not be due if Pearl were living, therefore they are due "as a result of" her death. The same is true if Albert were considered the primary beneficiary.

### IV.

Though it is the usual practice of this Court to grant oral argument to a party requesting it, after reviewing these motions and concluding that the Estate will prevail as a matter of law, the Court has concluded that oral argument would not substantially contribute to the resolution of these issues.

## V.

Since this Court has determined that the PWT, and not the AWT, must bear the estate taxes at issue in this litigation, and since the United States has agreed that the Estate "has correctly stated in its complaint the amount of estate tax and assessed interest paid," (United States' Brief in Support of Its Motion for Summary Judgment at 6, fn 9.) the Court will enter a Final Judgment in favor of the Estate in the amount of $253,061.24, plus interest and costs.